IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
Rochester Division

**WILLIAM ROBINSON,**
**Stephen J. Aldstadt, David Bardascini,**
**Michael P. Carpinelli, George Curbelo, Jr.,**
**Wayne Denn, William R. Fox, Sr.,**
**Tim Flaherty, Don Hey, Garry Edward Hoffman,**
**Raymond Kosorek, Michael R. Kubow,**
**Thomas J. Lorey, Thomas A. Marotta,**
**Michael Mastrogiovanni, Kenneth E. Mathison,**
**Terrence J. McCulley, Doug Negley, Jim Nowotny,**
**Jacob Palmateer, John E. Prendergast,**
**Harold W. Schroeder, Edward J. Stokes,**
**John W. Wallace, Leslie H. Wilson,**
**Christopher S. Zaleski, Mattie D. Zarpentine,**
**Shooters Committee for Political Education,**
**New York Revolution, Gun Rights Across**
**America – New York, NY2A.org,**
**Fulton County NY Oath Keepers,**
*and all those other individuals who are*
*similarly situated,*

          Plaintiffs

    *vs.*

**LORETTA LYNCH**, Attorney General
of the United States of America, in her official
and individual capacities, **James B. Comey**, Director
of the Federal Bureau of Investigation, in his official
and individual capacities, **Christopher M. Piehota**,
Director of the Terrorist Screening Center,
in his official and individual capacities,
and **Thomas E. Brandon**, Acting Director of the
Bureau of Alcohol, Tobacco, Firearms
and Explosives, in his official and individual capacities,

          Defendants.

**NOTICE OF MOTION**
**BY THE PLAINTIFFS**

Civil No.:  6:15-cv-6765-FPG

Hon. Frank P. Geraci, Jr.

Plaintiffs through their Counsel, respectfully submit this Motion to the Court for the following relief:

1.  approval of the submission of the Cross-Motion of the Plaintiffs (dated April 16, 2016) with a one day extension beyond the submission date of April 15, 2016 otherwise specified by the scheduling order of this Court (dated March 30, 2016);

2.  approval of the submission of the Memorandum of Law of the Plaintiffs with a 40-page body, an expansion beyond the 25-page limit otherwise specified, to allow for a proper response to the Defendants' Memorandum of Law in support of their Motion to Dismiss and for the arguments in support of the Plaintiffs' Cross-Motion for Summary Judgment;

3.  such other, further, and different relief as to this Court is just.

The facts and law supporting this Motion are set forth in the accompanying Declaration of Paloma A. Capanna, Attorney (dated April 21, 2016).

Dated:  April _21_ , 2016

Respectfully submitted,

Paloma A. Capanna, Attorney
633 Lake Road
Webster, New York 14580
(585) 377-7260
paloma@law-policy.com

## **CERTIFICATION**

     I hereby certify that on April _21_ , 2016 a copy of the foregoing MOTION BY THE PLAINTIFFS was filed electronically and served by mail upon anyone unable to accept electronic filing.  Notice of this filing was/will be sent via e-mail to all Parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*Paloma A. Capanna*

Paloma A. Capanna, Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
Rochester Division

| | |
|---|---|
| **WILLIAM ROBINSON**, *et al.* | **DECLARATION OF THE** |
| | **ATTORNEY FOR THE PLAINTIFFS** |
| Plaintiffs | |
| *vs.* | Civil No.:  6:15-cv-6765 |
| **LORETTA LYNCH**, Attorney General of the United States of America, *et al.*, | Hon. Frank P. Geraci, Jr. |
| Defendants. | |

**Paloma A. Capanna, Attorney**, an attorney duly admitted to practice before this Court, declares, pursuant to 28 U.S.C. §1746, as follows:

1.   I am the attorney representing the Plaintiffs in the above-captioned action.

2.   I submit this declaration in support of the Plaintiffs' Motion for an extension of time to submit their Cross-Motion and for permission to submit an expanded Memorandum of Law.

3.   Initially, the Court approved a one-week extension on the submission of the Plaintiffs' response to the Defendants' Motion to Friday, April 15, 2016 (Geraci, J., dated March 30, 2016).  I worked diligently throughout this time, including communication with the multiple Coplaintiffs in this case, providing briefings,

responding to questions, and developing our response. I timely began creating the architecture to house our written submission, including the Cross-Motion, and undertaking the draft of the text. I wish to assure the Court that I work very long hours to complete my submissions on time and to standards.

4.    Where I ran into an unforeseen need for an extra day were the citations. On Wednesday, April 13, 2016, I started laying in the full text of quotes and the full length of citations. I have done extensive research for this case, specifically, and have been conducting research into federal government civil rights transgressions post-9/11 for more than ten years.

5.    The challenge as an attorney who has a bent for primary source materials is the balance in between the storehouse of information available to me and how much of it needs to be communicated to a third party to demonstrate the contextual connections and the pivot points of change that reflect the shifting of operations of the government that results in the crossing of the line into "illegal" and/or "unconstitutional."

6.    Initially, on the Wednesday and Thursday, I was operating under the thought that the materials would be laid in, blended with the written text and then be pulled back. But, on Friday morning, the question became whether to submit a request for an extension and an expansion that would be close or whether to stay focused and meet the deadline. At that point, I still believed I could meet the filing deadline.

By late Friday afternoon, I made the decision that I had pulled the text as tight as it could be pulled and communicate the basis for the cross-motion. I retained the focus on finishing the submission in proper form and to standards.

7.   One example is illustrated as follows. To say that Congress has not given the Attorney General the authority to use the NICS Background Check data for TSDB screening purposes for more than ten years requires demonstration of the ask and the denial. Regarding the ask, it was important to demonstrate the tension between the Attorneys General, Congress, and the post-9/11 political atmosphere. This one element became the pivot point from the moment that Attorney General Ashcroft ended up being asked about the NICS Background Check data during Patriot Act hearings, unrelated to any Bill concerning a so-called "10th factor," and the neat, little, 1-page flow chart that shows that the Defendants swept the NICS data into their operations. Regarding the lack of support in Congress, the denial is a lengthy list of Bills from a select few Senators and Representatives. Ultimately, I settled for a truncated list, in footnote point size, that spans half a page.

8.   It also meant that the "Table of Authorities" turned out to be seven pages long. My system of writing memoranda of law includes that once a Table of Authorities is generated from the text, that a check of all citations be conducted, including a physical viewing of quoted texts. I make a best effort to make the job of the law clerk as easy as possible to locate and review source documents. I tend to have numerous non-standard sources, in addition to case citations. This case also

involves a combination of statutes and regulations that are an entire volume unto themselves, called the "ATF White Book."

9.    I pushed myself to make the Friday submission deadline in a timely manner, but was physically unable to complete a piece I budgeted for the final three days in this timeframe. It took four days. Hence, the Saturday submission, instead of the Friday submission.

10.   I did send an e-mail to Mr. Swinton, Defendants' Counsel, late on Friday night to alert him that I would not be able to make the Friday filing deadline. I appreciate that Mr. Swinton and I have communicated since his appearance.

11.   I did finish and make my submission on Saturday. There was then a technical problem with the upload of the Exhibits listed in my Declaration into the CM/ECF system. I made efforts for more than an hour in several, logical variations. I made the upload, successfully, for all other documents. I then e-mailed Mr. Swinton to alert him to this problem, and I attached the Exhibits to the e-mail. There was no problem with e-mailing these exact same .pdf documents to him. These documents were also presented in both the Table of Contents and the Memorandum with full citation and all such documents are available on the Internet.

12.   On Sunday morning, I then wrote a letter to the Court and Counsel, upon a review of all prior case materials, itemizing that which would need to be addressed as a

result of our submission.  I included an immediate apology for the delay and an explanation of the technical difficulty encountered.

13.  I reasonably believe that I complied with the spirit of timely submissions in every sense of the term, excepting that my submission was one day late.  I thank the Court and Counsel for the opportunity to submit this Motion for approval of the delayed submission and the extended Memorandum of Law.

14.  I have been a litigation attorney in state trial and appellate courts for nearly 25 years.  I have now been practicing also in federal court for three years.  I cannot recall an instance that I made a late submission.  You will find me to be actively engaged in calendar management.

15.  I have once previously in a federal lawsuit requested in advance an expansion of the pages for a Memorandum of Law.  In that case, it was clear, more than a week in advance of the deadline, that the statutory citations and excerpts, involving both NY law and HIPAA, as well as the response to three Memoranda of the Co-Defendants, would necessitate such a request.

16.  I am available to the Court for any questions concerning this submission. I respectfully request that this relief be granted in favor of the submission of the Plaintiffs being accepted by the Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated:   Webster, New York
         April _21_, 2016

_Paloma A. Capanna_

Paloma A. Capanna, Attorney