UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION

| | |
|---|---|
| WILLIAM ROBINSON, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LORETTA LYNCH, Attorney General of ) <br> the United States, et al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. 6:15-cv-6765-FPG <br> The Honorable Frank P. Geraci, Jr. |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

As set forth in Defendants' Motion to Dismiss, Plaintiffs' First Amended Complaint suffers from two fatal defects. First, Plaintiffs have not established that they have Article III standing because they have not shown that they have suffered a specific, concrete injury. Mem. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mot. to Dismiss"), ECF No. 6-1, at 7-12. The Court therefore lacks jurisdiction to hear this case and should dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Second, even if Plaintiffs had standing, dismissal would still be warranted because Plaintiffs have failed to state a cause of action under Rule 12(b)(6). All six of the causes of action identified in the First Amended Complaint fail to allege one or more essential components of the asserted claim. *See* Defs.' Mot. to Dismiss at 14-25. Accordingly, none of Plaintiffs' claims are cognizable.

Plaintiffs' opposition to Defendants' motion does nothing to alter this reality. Instead, Plaintiffs offer a jumble of unsupported assertions, stitched together from

excerpts of publicly available government records and their own speculation, to argue not only that they should be permitted to advance past the pleading stage but that they are also entitled to judgment as a matter of law.[1]  Plaintiffs' opposition, however, does nothing to cure the two fundamental defects in their First Amended Complaint:  their lack of standing and their failure to articulate a cause of action.  Accordingly, the Court should grant Defendants' motion and dismiss the First Amended Complaint.[2]

## ARGUMENT

**A.    Plaintiffs bear the burden to establish standing, and they have failed to satisfy this burden**

As explained in Defendants' original motion, the Court lacks jurisdiction to hear this case because Plaintiffs have not demonstrated that they have Article III standing.  *See* Defs.' Mot. to Dismiss at 7-12.  Plaintiffs' opposition brief does nothing to undermine this conclusion and instead only further evinces Plaintiffs' lack of standing.

As an initial matter, Plaintiffs mischaracterize the standards applicable to the standing inquiry, incorrectly asserting that the Court must give them the benefit of the doubt when construing the allegations in the First Amended Complaint.  *See* Mem. of

---

[1] Plaintiffs' opposition is also styled as a cross-motion for summary judgment.  As Defendants noted in their April 19, 2016 letter to the Court, Plaintiffs' motion for summary judgment should be stayed until the Court rules on the threshold issues raised in Defendants' Motion to Dismiss.  *See All. for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 86-88 (2d Cir. 2006).  Plaintiffs' motion for summary judgment also fails on its own terms.  Among other problems, Plaintiffs have not filed a separate statement of undisputed material facts, and their motion should be denied on this basis alone.  *See* Local Rule 56(a)(1) ("Failure to submit such a statement [of undisputed material facts] may constitute grounds for denial of the motion.").

[2] As previously noted, Defendants have not been served in their individual capacities and thus the personal-capacity claims are not properly before the Court at this time.  *See* Defs.' Mot. to Dismiss at 7 n.4.  Plaintiffs make no claim to the contrary in their opposition.

Law in Supp. of the Pls. ("Pls.' Opp."), ECF No. 9-7, at 36.[3]  The Second Circuit is clear, however, that "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).  It is the Plaintiffs who thus "bear[] the burden of proving subject matter jurisdiction by a preponderance of the evidence."  *See Mantena v. Johnson*, 809 F.3d 721, 727 (2d Cir. 2015) (citations omitted).  To do so, Plaintiffs must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

Plaintiffs' claim to standing fails at the first element of this test because they have not shown that they have suffered an injury that is "concrete, particularized, and actual or imminent."  *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010).  The First Amended Complaint is devoid of any evidence that Plaintiffs were harmed as a result of Defendants' purportedly unlawful conduct:  they do not claim that they have ever been prevented from purchasing a firearm, that any of their firearm purchases has ever been delayed, that any of their personal information has ever been collected as part of an illegal "field operation," that the supposed stigma of gun owners being "terrorists" has ever caused them harm, or that they have ever been prevented from exercising their civil liberties in any way.  *See* Defs.' Mot. to Dismiss at 10-11.  Absent some showing of

---

[3] Plaintiffs also claim that "[t]he government admits, freely, that it is running a cross-check using all NICS Background Checks against the T[errorist] S[creening] D[ata]B[ase], without authorization of law and in contravention of law.  It also admits to widely sharing this information." Pls.' Opp. at 37.  To be clear, Defendants have made no such admission in this case.

injury by Plaintiffs, dismissal of the First Amended Complaint is required.[4] *See United Food & Commercial Workers Union v. Ctr. Mark Prop. Meriden Square, Inc.,* 30 F.3d 298, 301-02 (2d Cir. 1994).

A cursory review of the materials submitted in support of Plaintiffs' opposition reinforces the conclusion that Plaintiffs lack standing. Five of the individual Plaintiffs submitted multi-page declarations, yet none of their testimony describes any sort of specific injury that they have incurred as a result of Defendants' alleged conduct. *See generally*, Decl. of Stephen J. Aldstadt, ECF No. 9-1; Decl. of Michael P. Carpinelli, ECF No. 9-3; Decl. of George Curbelo, Jr., ECF No. 9-4; Decl. of Harold W. Schroeder, ECF No. 9-5; Decl. of Mattie D. Zarpentine, ECF No. 9-6. If anything, Plaintiffs' declarations underscore the fact that, contrary to Plaintiffs' unsupported allegations, Defendants have in no way injured Plaintiffs. All five Plaintiffs who submitted declarations describe themselves as actively engaged in advocacy work, namely advocacy work concerning Second Amendment issues.[5] Tellingly, none of these

---

[4] Because none of the twenty-nine individual Plaintiffs have demonstrated an injury necessary to support their claim to standing, the five organizational Plaintiffs likewise lack standing in this case. *See* Defs.' Mem. in Supp. of Mot. to Dismiss at 12.

[5] *See* Aldstadt Decl. ¶ 5 ("[T]he Second Amendment is what I do. I organize. I am a motivational speaker for civil rights activists. I encourage membership in these and other organizations. I publish. I encourage others to write and publish and expand our print publication outreach and our on-line publication offerings."); Carpinelli Decl. ¶ 13 ("I am requested to and do regularly speak in public, particularly about our Second Amendment freedoms, which are in jeopardy. . . . Similarly, I speak out to voters to raise awareness and to work to overturn the 'SAFE Act,' including voting to replace the Governor."); Curbelo Decl. ¶ 10 ("I am also a leader in the Second Amendment community, including that I am a founder of New York Revolution."); Schroeder Aff. ¶ 2 ("I have been involved in the defense of the Second Amendment for more than 50 years, and I was one of the first members to join the 'Shooters Committee on Political Education' (SCOPE)"); Zarpentine Decl. ¶ 4 ("I am a co-chair . . . of New York Revolution, a grassroots organization. I am also a member of SCOPE. I speak publicly, including as a women

Plaintiffs contend that Defendants' purportedly illegal conduct has in any way precluded them from continuing to undertake in such work. The declarations' complete silence as to any sort of specific, concrete harm further compels dismissal of their case pursuant to Rule 12(b)(1). *See Knife Rights, Inc. v. Vance*, 802 F.3d 377, 383 (2d Cir. 2015) (observing that standing requires a plaintiff to allege "a personal stake in the outcome of the controversy" (citation omitted)).

Moreover, Plaintiffs' declarations make clear that their claims are motivated by unfounded fears and speculation. Most of the declarations express concern that the federal government may one day target certain Plaintiffs for surveillance due to their political activism. *See* Alstadt Decl. ¶ 6 (describing a Freedom of Information Act request made to the FBI for "whatever information they may be holding on me, whether simply because I have purchased one or more firearms through federally-licensed dealers or because I am an 'Activist' with a capital 'A'"); Carpinelli Decl. ¶¶ 13, 16 ("I am also concerned that I not be targeted for exercising my rights as an American, particularly to free speech and to assembly. . . . What if my name is slipped onto the Terrorist Screening Database?"); Curbelo Decl. ¶ 11 ("You can see why I might be concerned not only that I could be targeted by the government, but also that I might become a high value target for law enforcement?"); Zarpentine Decl. ¶ 11 ("It would be all too easy, especially under the political climate here in New York, for someone to add my name or that of a loved one into the terrorist watch list."). But such "unadorned speculation" is insufficient to establish standing; instead, an injury that gives rise to standing must be "certainly

---

[sic] involved in the shooting sports and prepared for self-defense of my family and home. I organize and host assemblies. I participate in rallies. I answer questions of other activists. I provide public education. I call, write, and meet in person with elected officials.").

impending" and "specific and perceptible." *See Whitmore v. Arkansas*, 495 U.S. 149, 158-59 (1990) (citation omitted). Plaintiffs have pointed to no such injury, and their failure to do so should compels dismissal of their claims.

**B.    None of Plaintiffs' claims articulate a cognizable cause of action**

Although Plaintiffs' First Amended Complaint purports to raise six different claims against the Defendants, it nevertheless fails to plead a cognizable cause of action for all six of them. *See* Defs.' Mot. to Dismiss at 12-25. Plaintiffs' opposition brief does nothing to address any of the defects identified in Defendants' Motion to Dismiss.[6] Consequently, even if Plaintiffs were able to establish standing in this case, dismissal would still be warranted pursuant to Rule 12(b)(6) for failure to state a claim.

    1.    <u>Plaintiffs have not plead a Second Amendment violation</u>

As discussed in Defendants' motion, the Second Amendment guarantees an "individual right to possess and carry weapons in case of confrontation." *See District of Columbia v. Heller*, 554 U.S. 570, 592, 634-35 (2008) (further describing the "core" protection of the Second Amendment as the "right of law-abiding, responsible citizens to

---

[6] Throughout their opposition brief, Plaintiffs suggest that their claims are also brought pursuant to 18 U.S.C. § 926, which prohibits the establishment of a federal firearms registry, and 28 C.F.R. § 25.6(a) and (j), which restricts the frequency and use of NICS background checks. *See, e.g.*, Pls.' Opp. at 4-5; *id.* at 28 ("The claims stated include the violation, primarily, of two statutes [sic] limiting the use and the users of the NICS Background Check data"); 29-30 ("[W]e are seeking to have the Defendants found to have violated the law, and, in so doing, to have violated the Constitution."); 35 ("Plaintiffs seek to use a statute designed to restrain government overreach against them as a class that is being treated as 'suspect' with no public policy basis."). To bring a cause of action pursuant to either this statute or regulation, Plaintiffs must demonstrate that there is a private right of action that gives rise to a justiceable claim. *See FDIC v. Meyer*, 510 U.S. 471, 483-84 (1994) (describing a private-right-of-action inquiry as assessing "whether the source of substantive law upon which the claimant relies provides an avenue for relief"). Here, neither source of law identified by Plaintiffs provides a private right of action, so Plaintiffs cannot rely on them as a basis for their claims.

use arms in defense of hearth and home"). A claim brought under the Second Amendment must therefore allege some burden on an individual's ability to exercise this right. *See* Defs.' Mot. to Dismiss at 14-15 (citing *Heller*, 554 U.S. at 592; *Kalchalsky v. Cty. of Westchester*, 701 F.3d 81, 93 (2d Cir. 2012)). Plaintiffs did not identify any such burden in the First Amended Complaint, and they failed to do so again in their opposition. Indeed, Plaintiffs concede that their claim bears only a tangential relationship to the Second Amendment because it concerns NICS background checks for purchases from licensed dealers. *See* Pls.' Opp. at 29. Having failed to point to any burden on their Second Amendment rights, Plaintiffs have not sufficiently pleaded a cause of action under that Amendment. Accordingly, this claim should be dismissed.

      2.     <u>Plaintiffs have not plead a due process violation</u>

Plaintiffs likewise have failed to plead a viable due process violation because they have not identified a protected property or liberty interest. *See* Defs.' Mot. to Dismiss at 15-16. In their opposition, Plaintiffs ignore this essential component of a due process claim and instead merely allege that ATF has committed due process violations by not notifying potential purchasers of firearms that a NICS background check "would challenge whether the [purchaser] was listed as a 'terrorist' in the TSDB" and by not providing "any meaningful process through which to ascertain one's status relative to the TSDB." Pls.' Opp. at 31. Yet it is axiomatic that the requirements of due process arise only where a protected property or liberty interest is at play. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *McMenemy v. City of Rochester*, 241 F.3d 279, 285-86 (2d Cir. 2001). Plaintiffs identify no such interest here, and their due process claim must be dismissed as a result.

7

3. <u>Plaintiffs have not plead a Fourth Amendment violation</u>

Defendants' Motion to Dismiss makes clear that Plaintiffs have not sufficiently plead a cause of action under the Fourth Amendment because they have not alleged that they were ever subjected to a search or seizure and because they have no reasonable expectation of privacy of information provided to a licensed dealer as part of a firearms transaction. *See* Defs.' Mot. to Dismiss at 18-19. In their opposition, Plaintiffs appear to suggest that the government must obtain a warrant prior to collecting information not from Plaintiffs themselves but from licensed dealers. Pls.' Opp. at 31-32. Yet Plaintiffs—none of whom claim to be licensed dealers—cannot assert a Fourth Amendment violation on behalf of a third party. *See Powers v. Ohio*, 499 U.S. 400, 428 (1991).[7] Absent any supported allegation that the Plaintiffs themselves have been subjected to a search or a seizure, Plaintiffs have not stated a claim under the Fourth Amendment.

4. <u>Plaintiffs have not plead a violation of their right to privacy</u>

Plaintiffs' claim based on a purported violation of their right to privacy fails because the information provided by a firearms customer on a Form 4473—namely, one's name, date of birth, gender, race, state of residence, and (if voluntarily provided by the applicant) Social Security number—is not the type of intimately personal information in which courts have held there to be a protected privacy interest and because Plaintiffs

---

[7] Bizarrely, Plaintiffs also contend that Defendants must obtain a warrant prior to sharing data for law enforcement purposes. *See* Pls.' Opp. at 32 ("[A] warrant should be obtained in advance of [] data sharing."). Setting aside the fact that Defendants' use of the limited information collected as part of the NICS background check process is already tightly controlled by, among other things, FBI regulations, 28 C.F.R. §§ 25.1-25.11, and the Privacy Act, 5 U.S.C. § 552a, the Fourth Amendment's warrant requirement applies only to government *searches* or *seizures*, not to *dissemination* of information between government agencies.

have no reasonable expectation of privacy in such information.  *See* Defs.' Mot. to Dismiss at 22-23.  Plaintiffs' opposition addresses only the second point, citing declarations from five Plaintiffs attesting that they never gave their consent to broad distribution of information when they submitted Forms 4473 in the past.  *See* Pls.' Opp. at 34.  Yet federal law plainly permits the government to access information provided on a Form 4473 in a limited number of circumstances.  *See* 18 U.S.C. §§ 923(g)(1), (g)(4).  Indeed, even Plaintiffs concede that a "typical gun buyer expects" that certain information from a Form 4473 will be shared with the government.  Pls.' Opp. at 33.  Under these circumstances, no violation of a right to privacy can be said to occur.  Plaintiffs' claim should therefore be dismissed.

        5.      <u>Plaintiffs have not plead an equal protection violation</u>

Among the defects in Plaintiffs' equal protection claim are their failure to allege facts showing that Defendants acted with a discriminatory intent and their inability to show that they have been treated differently from similarly situated individuals.  *See* Defs.' Mot. to Dismiss at 20-22.  Indeed, Plaintiffs concede that all potential purchasers of firearms from licensed dealers are subject to the same background check requirements.  *Id*. at 22.  Plaintiffs' opposition does nothing to respond to these points and instead simply asserts, without any factual support, that "Defendants' actions feed a growing stereotype that gun owners are one step away from being terrorists." Pls.' Opp. at 36.  Such a bald allegation is plainly insufficient to sustain a cause of action, and Plaintiffs' equal protection claim should be dismissed.

6. <u>Plaintiffs have not plead a violation of the Administrative Procedure Act</u>

As explained in Defendants' Motion to Dismiss, Plaintiffs have failed to assert a claim pursuant to the Administrative Procedure Act (APA). Defs.' Mot. to Dismiss at 24-25. Plaintiffs' opposition does not respond to Defendants' motion in this regard. Thus, Plaintiffs have conceded Defendants' argument through their silence. *See First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F.Supp.2d 369, 392–393 & n. 116 (S.D.N.Y. 2002) (considering argument not addressed by opposition brief waived). Regardless, Plaintiffs' failure to identify a final agency action undermines any claim to relief pursuant to the APA. *See* Defs.' Mot. to Dismiss at 24-25. This claim, too, should be dismissed.

## CONCLUSION

For the foregoing reasons, and for all of the reasons set forth in Defendants' Motion to Dismiss, the Court should grant Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint.

Dated: April 27, 2016             Respectfully submitted,

                                  BENJAMIN C. MIZER
                                  Principal Deputy Assistant Attorney General

                                  JOHN R. TYLER
                                  Assistant Branch Director

                                  <u>s/Nathan Swinton</u>
                                  NATHAN SWINTON (NY Bar)
                                  Trial Attorney
                                  United States Department of Justice
                                  Civil Division, Federal Programs Branch
                                  20 Massachusetts Avenue NW
                                  Washington, DC 20530
                                  Telephone: (202) 305-7667

        Fax: (202) 616-8470
        Nathan.M.Swinton@usdoj.gov

        Attorneys for Defendant